UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER A. ROGALSKI,**<br><br>    **Plaintiff,**<br><br>  v.<br><br>**LAUREATE EDUCATION, INC.,** *et al.***,**<br><br>    **Defendants.** | Case No. 20–11747–ESK–SAK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on *pro se* plaintiff Christopher A. Rogalski's Motion for Costs and Relief from Order (Motion) (ECF No. 21 (Pl.'s Mot.)) brought pursuant to Federal Rule of Civil Procedure 60(b). Defendant Laureate Education, Inc. (Laureate) filed an opposition (ECF No. 23) to which plaintiff replied (ECF No. 25). This matter was reassigned to me from the Honorable Joseph H. Rodriguez, Senior United States District Judge, after briefing had concluded.[1] (ECF No. 26.) For the following reasons, the Motion will be DENIED.

    **I.**    **BACKGROUND[2] AND PROCEDURAL HISTORY**

    Fifteen years ago, plaintiff Christopher A. Rogalski (plaintiff or Rogalski), who already held a Juris Doctor, or J.D., degree, began his pursuit to earn a Master of Laws, or LL.M., degree. *See Rogalski v. Laureate Educ., Inc.*, No.

---

    [1] The Clerk of Court reassigned this matter for administrative purposes. (ECF No. 26.)

    [2] Judge Rodriguez and the United States Court of Appeals for the Third Circuit previously issued opinions setting forth the detailed factual background of this case. The facts set forth herein are drawn from those opinions as cited *infra*.

20–11747, 2022 WL 19410319, at *1 (D.N.J. Sept. 30, 2022). In June of 2009, Rogalski responded to an online advertisement for the University of Liverpool's online degree program for an LL.M. in International Business Law. *Id.* Plaintiff was contacted by a representative of Laureate Online Education BV,[3] "the University's 'e-learning partner'—which supplied Rogalski with a 'Student Agreement,' terms for tuition financing, and a credit-card authorization form." *Rogalski v. Laureate Educ., Inc.*, No. 22–3004, 2023 WL 2882702, at *1 (3d Cir. Apr. 11, 2023). Rogalski accepted the terms of the online LL.M. program by email and ultimately completed the program, but an on-going "payment dispute kept him from receiving a degree." *Id.*

In June 2020, Rogalski filed suit in New Jersey state court against the University of Liverpool, Laureate Online Education BV, and Laureate. *Id.* Laureate removed plaintiff's five-count complaint to this Court pursuant to 28 U.S.C. §1441(a), based on diversity jurisdiction in accordance with 28 U.S.C. §1332(a). *Id.* Laureate then moved to dismiss Rogalski's complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6) arguing that plaintiff was bound by a forum selection clause requiring that any disputes be resolved in the Netherlands. *Id.* Alternatively, Laureate argued that plaintiff's state law contract and fraud claims were time-barred. *Id.* Judge Rodriguez granted Laureate's motion and dismissed plaintiff's complaint by Opinion and Order dated September 30, 2022 (Judge Rodriguez's 2022 Decision), finding that Rogalski was "bound by the forum selection clause" and that the district court was divested of "jurisdiction as venue lies in the Netherlands." *Rogalski*, 2022

---

[3] Rogalski's complaint (ECF No. 1–1 (Compl.)) alleges that Laureate Online Education BV is "a Netherlands corporation and subsidiary of Laureate Education, Inc." and claims that Laureate was the alter ego of Laureate Online Education BV. (Compl. ¶¶3, 9, 10.)

WL 19410319, at *7. Judge Rodriguez did "not reach the statute of limitations argument" in granting Laureate's motion to dismiss. *Id.*

On appeal, the United States Court of Appeals for the Third Circuit affirmed Judge Rodriguez's dismissal of the complaint but on Laureate's alternative argument that Rogalski's claims were time-barred. *See Rogalski*, 2023 WL 2882702, at *3–4. Specifically, by Opinion and Order dated April 11, 2023 (Third Circuit's 2023 Decision), the Third Circuit agreed with Laureate that "based on the pleaded chronology … Rogalski's claims [were] time-barred under N.J.S.A. §2A:14–1(a)—New Jersey's six-year statute of limitations for contract-and fraud-based claims." *See id.* at *3. The Third Circuit determined that Rogalski's allegations "accepted as true—confirm[ed] that the underlying events and injuries occurred, and were understood by Rogalski, more than six years before he filed suit in June 2020."[4] *Id.*

After the Third Circuit's 2023 Decision affirming the dismissal of his complaint, Rogalski filed a petition for rehearing, which was denied on May 19, 2023. (ECF No. 23–1 pp.39, 40.) Rogalski then sought review before the United States Supreme Court, but both his petition for a *writ of certiorari* and his petition for rehearing were denied on December 11, 2023, and February 20, 2024, respectively. *See Rogalski v. Laureate Educ., Inc.*, 144 S. Ct. 881 (2024); *Rogalski v. Laureate Educ., Inc.*, 144 S. Ct. 492 (2023). On March 4, 2024,

---

[4] The Third Circuit referenced Rogalski's allegations regarding: failures to credit several monthly tuition payments between July 2009 and February 2012, surprise surcharges for credit card payments beginning in August 2009, improper increases in his monthly tuition-payment amount on June 2, 2010 and again the following year, conditioning his graduation on payment of accelerated tuition on March 30, 2012, extension fees charged on February 12, 2013, an improper lowering of his dissertation grade in May 2013, and disputes related to grading irregularities and financial issues during his appeal process, which concluded on February 19, 2014. *See Rogalski*, 2023 WL 2882702, at *3.

Rogalski filed the instant Motion seeking relief pursuant to Rules 60(b)(1), (4), and (6).   Laureate opposed the Motion.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides in pertinent part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Supreme Court recently reiterated that "[Rule] 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'"   *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).   "Under Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.'"   *Id.*   Rule 60(b)(4) permits relief from a judgment or order if "the judgment is void."   Fed. R. Civ. P. 60(b)(4).   "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final."   *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).   "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule."   *Id.*   "Finally, Rule 60(b)(6) provides a catchall for 'any other reason that justifies

4

relief.' This … option is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 596 U.S. at 533 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988)).

A motion filed pursuant to Rule 60(b) is left to the sound discretion of the trial court, *see Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but the Rule "does not confer upon the district courts a 'standardless residual discretionary power to set aside judgments.'" *Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 911 (3d Cir. 1977) (citation omitted). Rather, "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." *Mendez v. Sullivan*, 488 F. App'x 566, 569 (3d Cir. 2012) (*per curiam*) (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). Moreover, "[a] request for relief pursuant to Rule 60(b) cannot be used as a substitute for an appeal." *See Davis v. Cnty. of Allegheny*, 788 F. App'x 828, 830 (3d Cir. 2019) (quoting *Morris v. Horn*, 187 F.3d 333, 343 (3d Cir. 1999)).

### III. DISCUSSION

Rogalski's complaint was originally dismissed approximately two years ago, and Rogalski has been unsuccessful in every avenue for appeal he has pursued since Judge Rodriguez's 2022 Decision. Despite these facts, Rogalski has returned to the District Court, purportedly under the auspice of Rule 60(b), seeking relief from *both* the Third Circuit's 2023 Decision and Judge Rodriguez's 2022 Decision. As to the Third Circuit's 2023 Decision, Rogalski asks this Court to: (1) "nullify" the award of costs the Clerk of Court for the Third Circuit granted to Laureate; (2) conclude that the April 11, 2023 "decision of the panel [of the Court of Appeals] is plain legal error" entitling plaintiff to relief pursuant to Rule 60(b)(1); and (3) find that the Third Circuit "exceeded its jurisdiction" in issuing its decision affirming dismissal on the basis of the statute of limitations rather than the forum selection clause. (Pl.'s Mot. pp. 2,

3, 6.) With respect to Judge Rodriguez's 2022 Decision dismissing the complaint, Rogalski requests that this Court: (1) "rescind" that Order; (2) conduct a hearing to determine plaintiff's entitlement to costs as a "prevailing party" under the New Jersey Consumer Fraud Act; and (3) allow plaintiff to replead his fraud claim.  (*Id.* p. 6.)

This Court is without jurisdiction to grant any such relief.  *See Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337, 337 n.1 (3d Cir. 1982) (*per curiam*) ("The district court is without jurisdiction to alter the mandate of this court on the basis of matters included or includable in [a party's] prior appeal."); *see also Russomanno v. Sunovion Pharms.*, No. 22–2822, 2022 WL 17984869, at *1 (3d Cir. Dec. 29, 2022), *cert. denied*, 143 S. Ct. 2592 (2023) (finding that "the District Court correctly determined that it was without jurisdiction to grant [the plaintiff's] Rule 60(b) motion" because the plaintiff "essentially sought to alter [the Third Circuit's] mandate"); *Davis*, 788 F. App'x at 830 (3d Cir. 2019) (explaining that "the District Court was without jurisdiction to grant" the plaintiff relief from "our January 23 opinion").

Plaintiff vigorously opposed Laureate's motion to dismiss his complaint in this case, and Judge Rodriguez thoroughly considered his opposition in determining that dismissal was warranted.  On appeal, the Third Circuit affirmed the dismissal of the complaint, and the United States Supreme Court denied *certiorari* on December 11, 2023.  Both the Third Circuit and the Supreme Court also denied rehearing.   The specific issues Rogalski now raises in this Motion—the legal determinations made by Judge Rodriguez and the Third Circuit regarding the applicability of the forum selection clause and the statute of limitations—were included at both the trial court and the appellate levels where the sufficiency of the complaint was squarely addressed.

Granting the relief Rogalski now seeks would require me to ignore the judgment of the Third Circuit and the United States Supreme Court and would

improperly allow plaintiff to pursue his claim, which these higher courts have rejected. Moreover, Rogalski's argument that the Third Circuit's 2023 Decision constitutes "plain legal error" justifying such relief is wholly without merit. *See Fernandez v. Bd. of Pemberton Twp.*, No. 22–3157, 2023 WL 4071531, at *1 (3d Cir. June 20, 2023) (recognizing that while a district court's legal error can constitute a "mistake" that warrants reopening a judgment under Rule 60(b)(1), "asserted legal error is not a ground to reopen a judgment in the District Court once it has been *raised in and rejected by a Court of Appeals*.") (emphasis added).

In *Seese*, the Court stated: "The fact of the matter is that this litigation is over. It is final. It has gone through District Court, Third Circuit, rehearings, cert. petitions to the Supreme Court of the United States, cert. denied." 679 F.2d at 337. While Rogalski may feel aggrieved by the resolution of this matter and appeals, like in *Seese,* this litigation is over.

## IV. CONCLUSION

The Motion (ECF No. 21) will be DENIED. An appropriate order accompanies this opinion.

    */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: October 16, 2024